## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

United States of America
                Appellee

Vs.

Sidney Bright
      Appellant

No. 22-1644

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

### REPLY BRIEF FOR THE DEFENDANT-APPELLANT

The Appellant respectfully urges that this Court should grant Appellant's motion for a sentence reduction pursuant to the First Step Act, because contrary to the government's position, Appellant is no longer a danger to society and the 18 U.S.C. §3553(a) factors argue in favor of this Court to remand the district court order in Appellants' favor for a sentence reduction and to appoint counsel to assist Appellant. Given the alternative, Appellant asks that this court remand the district court order for compassionate release because, the district court failed to consider whether the Appellant's health conditions constituted "extraordinary and compelling circumstances warranting release" under 18 U.S.C. §3582(c)(1)(A).

### I. THE COURT SHOULD REMAND APPELLANT'S MOTION FOR A SENTENCE REDUCTION UNDER SECTION 404 OF THE FSA

All parties agree that Appellant is eligible for a resentencing on count one as it qualifies as a "covered offense" under the First Step Act. The government likewise concedes that the applicable mandatory minimum should be determined by the drug quantity found by the jury. The Appellant and the government differ on whether Appellant presents a danger to the public if he's release from prison early under the 3553(a) factors. However, on February 23, 2022, Judge Preska issued a written memorandum and order denying Appellant's motion with respect to Section 404 of the First Step Act. The district court explained while defendant's counsel did

an admirable job of explaining that the First Step Act reflects Congress' change in attitude toward drug crimes, there is no change in attitude regarding guns or murder. Murder is murder - the taking of a human life - and this defendant committed it to protect his commercial drug trafficking interests. Defendants' crime was most serious and deserves a most serious punishment, and therefore, his thirty-eight years and four months sentence would not be reduced in light of the §3553(a) factors.

The Appellant contends that the district court abused its discretion by failing to prevent unwarranted sentencing disparities among defend|ints who have been found guilty of similar conduct under 18 U.S.C. 3553(a)(6). For example, the Honorable Loretta A. Preska ruled in United States v. Barnes, No. 04-cr-00816(LAP) (S.D.N.Y. 2020), that the defendant, Barnes', offenses are serious, he participated in a serious drug trafficking conspiracy for over ten years, conspiracy to kidnap and murder an individual and possessed a firearm in connection with the kidnapping plot. "On the other hand, the defendant has served some fourteen years, sixteen years if good time credit is counted, a serious amount of time to be sure." Finding sixteen years of incarceration to be sufficient, even for serious crimes, and is consistent with the FSA's purpose of ameliorating overly harsh sentences. A sixteen year sentence also constitutes adequate deterrence to others tempted to engage in the same conduct.

Therefore, Appellant contends that the district court abused its discretion by failing to prevent unwarranted sentencing disparities under 18 U.S.C. §3553(a)(6), because unlike Mr. Barnes, the Appellant was acquitted by a trial jury of committing murder while engaged in a drug trafficking conspiracy and was only found guilty of distributing 50 grams or more of crack-cocaine and possession of a firearm. Which Appellant has served some sixteen years in prison, twenty years if good time credit is counted, a serious amount of time to be sure. Which should also be consistent with Congress' intention behind the FSA, and to avoid unwarranted sentencing disparities and adequately deter others tempted to engage in the same conduct.

Therefore, the district court did not take into account the effect of Congress' primary concern in enacting 18 U.S.C. 3553(a)(6), which was to minimize sentencing disparities nationwide. See, United States v. Barnes, No. 04-cr-00186(LAP) (S.D.N.Y. July 7 2020) (granting defendant convicted

of trafficking crack-cocaine, conspiracy to kidnap and possessing a firearm during the kidnapping, and murder, a sentence reduction to time served under the First Step Act); see also, United States v. Guerrero, 52 F. Supp. 3d 643 (2d Cir. 2014) (The defendant was convicted of committing two murders while engaged in a drug trafficking conspiracy and was sentenced to 25 years under the Fair Sentencing Act); see also, United States v. Martin, 2019 U.S. Dist Lexis 89940 (2d Cir. 2019) (The Defendant was sentenced under the murder guideline 2D1.1(d)(1) and was only sentenced to 210 months of imprisonment and received a sentence reduction under the First Step Act to time served).

Therefore, the Appellant's current sentence of thirty-eight years and four months is more than what is necessary to achieve these statutory goals behind Congress' intent in passing the First Step Act to retroactively apply the Fair Sentencing Act. Courts can now reduce long sentences in case like Appellants', because Congress determined that shorter periods of incarceration sufficiently reflect and account for the dangerous high-caliber nature of the crimes that these statutes now cover. See, First Step Act of 2018, Pub. L. NO. 115-391 §404(a), 132 Stat. 5194, Fair Sentencing Act of 2010, Pub. |l. No. 112-220 §2-3, 124 Stat. 2372.

Additionally, Concepcion v. United States, 142 S.Ct. 2389 (2022), reinforces the Appellant's argument that the district court abused its discretion in denying his §404 motion without considering Congress' primary concern in enacting 18 U.S.C. 3553(a)(6), which was to minimize sentencing disparities nationwide. See, United States v. Joyner, 924 F. 2d 454 (2d Cir. 1991) (Quoting Congress' intent under 18 U.S.C. §3553(a)(6)).

### THE APPELLANT DOES NOT POSE A THREAT TO THE PUBLIC

The court should find that the Appellant is not a danger to the safety of any person or to the community and that his release comports with the section 3553(a) factors. The Appellant cites the Sentencing Commission's data showing that most people who commit First Degree murder while engaged in a drug trafficking offense get sentenced to 240 months (20 Years). See, The Average Sentence Imposed over the Past Five Years for First Degree Murder, United States Sentencing Commission, Interactive Data Analyzer and Median Sentence Length 2017-2022, Guideline §2A1.1, Https://ida/USSC.gov/analytics/saw.dill?dashboard (Last accessed July 14, 2022) (Observing that the average length of murder sentences was 254

months and the median was 270 months).

Therefore, the Sentencing Commission data reinforces the Appellant's argument that his sentence of 400 months imprisonment under the First Degree murder Guideline 2A1.1 is more than what is necessary to achieve the statutory goals under the §3553(a) factors.

Concepcion v. United States, 142 S.Ct. 2389 (2022), supports Appellant's argument that the district court abused its discretion in denying his §404 motion without taking into account the Sentencing Commission data, which shows that the average person who commits First Degree murder is sentenced to 240 months in prison. In failing to do so and then in failing to consider the "disparities" between the Sentencing Commission data and Appellant's sentence under the same murder guideline, 2A1.1, was an error and that error harmed the Appellant.

## BUREAU OF PRISONS' RISK AND NEEDS ASSESSMENT TOOL

The First Step act mandates that the Bureau of prisons ("BOP") identify the specific needs of each inmate, and specific risk each inmate poses. The Appellant was assigned a public safety factor of "low" meaning that the Appellant does not pose a threat to any person or to his community and is less likely to re-offend if he is released from prison.

## APPELLANT'S ADVANCED AGE

The district court denied Appellant's First Step Act motion, relying on the Honorable William H. Pauley III, ruling over a decade ago. That a lengthy incarceration was necessary so that the defendant does not present a clear danger to the community if he is released. I cannot permit him to walk free in middle age. Id. at 30-31.

However, circumstances, facts and law have since changed from over a decade ago and the district court cannot predict that Judge Pauley would not have reduced Appellant's sentence because, Judge Pauley would have had to take into account facts that he didn't have at Appellant's original sentnecing. Nevertheless, studies show that older adults, 50 to 65 years old, are less likely to recidivate than their younger peers. See, Sarah Rakes, et all, Recidivism Among Older Adults, JUST POL'Y., Spring 2018, at 9,
http://www.cjcj.org/uploads/cjcj/documents/recidivism_among_older_adults_c

orrelates_of_prison_reentry.pdf.

Therefore, for all of the above listed information in regard to Appellant being a danger to the public weighs in favor of a sentence reduction or release, because the district court's analysis regarding Appellant risk of re-offending and its need to protect the public is not sufficiently compelling to support the degree of variance in this case. Instead, the court analysis fails to distinguish the Appellant's case from the "typical" case featuring lower sentencing. (Quoting Kimbrough, 522 U.S. at 109).

## II. THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CONSIDER CHANGES TO THE GUIDELINES AND STATUTORY PENALTIES TO DETERMINE WHETHER A SENTENCE REDUCTION WAS WARRANTED

The government does not dispute that the district court failed to consider changes to the Guidelines and Statutory penalties to determine whether a sentence reduction was warranted.

When imposing the sentence of 400 months, the court determined that the Guideline range for Count One was 360 months to life, based on the drug quantity found by the court at sentencing and Appellant's leadership role in the conspiracy. See, Sentencing Tr. 28:5-11. For the purpose of calculating the Appellant's sentencing range under the advisory United States Sentencing Guidelines (U.S.S.G.), the Court found that the drug conspiracy (Count One) involved 2.8 Kilograms of crack-cocaine. Id at 26:16-19. Despite th fact that Appellant was acquitted of the murder of Heriberto Diaz at trial, the court determined that it was nevertheless authorized to consider the acquitted conduct and that the contemplated "upward adjustment" based on Appellant acquitted conduct was not an enormous "upward adjustment" and therefore under Second Circuit law, it could be considered. See, Sentencing Tr. 28:13-16; 27:21-25 (citing United States v. Cordoba-Murgas, 233 F.3d 704, 709 (2d Cir. 2002). Taking into consideration the acquitted conduct, the court determined that the base offense level was forty-three and the guidelines was life. Id. 28:12-27. See, United States Sentencing Manual §2D1.1(d)(1).

Therefore, the district court abused its discretion by failing to

consider changes to the Guidelines because these base lines have since shifted because, when the government and the district court conceded that Appellant qualifies for a sentence reduction on Count One, because Count One qualifies as a "covered offense," within the meaning of the Fair Sentencing Act. The government likewise conceded that the applicable mandatory minimum should be determined by the drug quantity found by the jury and not by the district court by the preponderance of the evidence. See, Gov. Lt. 7.

Therefore, for the purpose of determining Appellant's sentencing range, the trial jury convicted the Appellant for participating in a drug trafficking conspiracy involving at least fifty grams of crack-cocaine. See, Jury Verdict Sheet, May 19, 2010. Therefore, Appellant's base offense level for fifty (50) grams of crack cocaine would be twenty-four and with a four level upward adjustment, based on the district court finding that the Appellant was the leader of the organization subject the Appellant to a base offense level of twenty-eight and in a Criminal History Category of III subject the Appellant to 97 to 121 months of imprisonment. See, Verdict Form as Ex. (C).

Therefore, the application of the murder cross-reference 2D1.1(d)(1) cross-referenced to 2A1.1 raises the Appellant base offense level from 28 to 43 increasing the prescribed imprisonment from 97 to 121 months to life. Therefore, this fifteen (15) level upward adjustment base on acquitted conduct is an astronomical upward adjustment and therefore under Second Circuit Law, an astronomical increase in the offense level based on acquitted conduct is properly dealt with by granting, the defendant a downward departure. See, United Statesv. Concepcion, 987 F.2d 369, 388 (2d Cir. 1992).

More specifically, many district courts have concluded that district court is obligated under the First Step Act to correctly calculate the defendant revised Guideline range prior to exercising its discretion to grant or deny relief. See, United States v. Mcdonald, 986 F.3d 402, 408-09 (4th Cir. 2021) (When imposing a new sentence under this statutory scheme, "a court does not simply adjust the statutory minimum it must also recalculate the guideline range.); see also, United States v. Collington, 995 F.3d 341-55 (4th Cir. 2020) (Explaining that district courts "must" accurately recalculate the guideline sentencing

range when addressing First Step Act motions).

Additionally, Concepcion v. United States, 142 S.Ct. 2389 (2022), thus reinforces the Appellant's argument that the district court abused its discretion in denying his §404 motion by failing to accurately recalculate the guideline sentencing range when addressing his First Step Act motion. In Concepcion, the Supreme Court considered, "whether a district court adjudicating a First Step Act motion may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes to facts (such as behavior in prison) in adjudicating a First Step Act motion." 142 S.Ct. at 2389. The Court held that because the district courts are always obligated to consider non-frivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when parties raise them. Id. at 2404.

Therefore, this Court should remand the district court order and grant Appellant a sentence reduction under section 404 of the FSA or in the alternative for compassionate release.

### III. APPELLANT WAS SENTENCED ERRONEOUSLY AS A PRIOR FELONY OFFENDER

The Appellant contends and the government conceded on Appellant's direct appeal, that Appellant was sentenced erroneously as a "Prior Felony Offender" at his original sentencing held on December 9, 2011. See, United States v. Sidney Bright, 528 Fed. Appx. 88 (2d Cir. 2013).

However, the government's argument, in contrast, focuses on the fact that even if under current law, that Appellant mandatory minimum sentence on Count One would only be 5 years instead of 20 years and his maximum sentence would be 40 years instead of life imprisonment. Would not matter because those changes could not have affected the district court ruling because Mr. Bright's 400 months sentence on Count One is well above five years and well below forty years. It maintains that the court should not consider the changes to §851.

However, the Appellant contends that the government is correct that if he was re-sentenced today under the First Step Act his mandatory minimum would be well above 5 years and well below 40 years. But as Appellant sentence stand now his maximum sentence still stands at life

and his mandatory minimum is still 20 years because of the defective 21 U.S.C. §851 notice.

Furthermore, on January 23, 2020, the United States Probation Office filed a supplemental PSR indicating that Appellant is eligible for a sentence reduction under the First Step Act of 2018 and that the Appellant's new mandatory minimum on Count One is ten years instead of twenty years. However, although the probation office concedes that Appellant is eligible for a sentence reduction under the First Step Act, the Appellant's maximum sentence will still be life because of the §851 enhancement. See, Supplemental PSR as Ex. (D).

Therefore, the Fourth Circuit ruling in United States v. Collington, 995 F. 2d 347 (4th Cir. 2021) supports Appellants argument that the district court abused its discretion in denying Appellant's §404 motion by failing to even reduce Count One to the statutory maximum implemented by the Fair Sentencing Act was an error. See also, Concepcion v. United States. 142 S.Ct. 2389 (2022).

Therefore, the Court should remand the district court order and grant Appellant a sentence reduction under the First Step Act, because even if the district court was going to deny Appellant relief under the First Step Act, the court must still re-sentence the Appellant to the statutory maximum implemented by the Fair Sentencing Act and therefore, the district court abused its discretion in denying Appellant's §404 motion.

## IV. THE DISTRICT COURT BASED ITS RULING ON AN ERRONEOUS ASSESSMENT OF THE EVIDENCE

The Appellant contends that he district court abused its discretion in denying his §404 motion on an erroneous assessment of the evidence, because the district court conceded and concluded in the Appellant's prior argument for a sentence reduction under Amendment 782 of the Sentencing Guidelines, that even if the court were to conclude that Mr. Bright (Appellant) were eligible for a sentence reduction under Amendment 782 of the Sentencing Guidelines, Mr. Bright would not be getting a reduction for the same reasons states in the court's recent order denying Mr. Bright's counseled motion for re-sentencing under the

First Step Act or in the alternative compassionate release. The court concluded that the 3553(a)_ factors do not support a reduction in this case assuming one is authorized. See, District Court Denial of Appellant's 782 motion as Ex. (A).

This was an error by the district court because the government witness Steven Young, who is the center piece of the charged conspiracy, plead guilty to a Felony Information, S7:03-cr-1364 (LAK) and the Honorable William H. Pauley III sentenced Steven Young on the Felony Information on September 19, 2012. Which the Felony Information charged Steven Young with distributing narcotics in Freddrickburg, Virginia with the Appellant and, in the course of that offense, Steven Young "affected interstate commerce by transporting firearms including the 380 firearm that resulted in the death of Heriberto Diaz on June 17, 2002, from Freddrickburg, Virgina to the Bronx of New York prior to the death of Diaz on Appellant's behalf. See, Steven Young Proffer Statement 3502-T as Ex. (B). The Appellant is requesting the Court to provide Steven Young Felony Information S7:03-cr-1364 (LAK) which is under seal or in the alternative the Court should do an in camera review into young Felony Information.

Therefore, since the Appellant's 924(c) conviction under Count Two of the indictment is connected to Count One and Count Three, which charge the Appellant with possession and using a firearm between 1995 to 2004 during and in relation to a drug trafficking crime in violation of Title 18 U.S.C. §924(c)(1)(A)(i) and 2. Count Three charged Appellant with, causing the 2002 death of Diaz during the commission of Count Two which is the lesser included offense of Count Three in violation of Title 18 U.S.C. 924(J) and 2.

Therefore, as the district court conceded, that assuming that Appellant is correct, then the district court abused its discretion in denying Appellant's §404 motion, compassionate release and his 782 motion for a two point reduction, because the Appellant was never convicted of distributing narcotics in Freddrickburg, Virginia with the government witness Steven Young and since Appellant's 18 U.S.C. §924(c) conviction under Count Two of the indictment is intertwined with the drug trafficking offense in Freddrickburg, Virginia, therefore, Appellant's conviction under Counts One and Two of the indictment should

have been vacated, because Judge Pauley instructed the trial jury that if you find the Appellant not guilty under Count One of the indictment disregard Counts Two, Three and Four. Your job is done. Meaning that Appellant would have been acquitted of all charges. See, Verdict Form as Ex. (C).

However, the Appellant is not challenging his conviction. He is arguing that the district court abused its discretion in denying his §404 motion on an erroneous assessment of the evidence.

Nevertheless, Judge Pauley ordered the government to respond to this argument in Appellant's pro-se brief filed on July 28, 2020 for a two point reduction under Amendment 782, solely on the basis of the drug conspiracy without regard to the murder cross-reference 2D1.1(d)(1) cross-referenced to 2A1.1. Which Judge Pauley ordered the government to respond to by September 11, 2020, which the government never disputed the Appellants' position or responded to Judge Pauley's order.

Which Appellant's case at bar was then transferred to Judge Loretta A. Preska, who refused to allow the government to present evidence contradicting the appellant's argument and denied Appellant's §404 motion and compassionate release for the same reason stated in the district court order denying Appellant's pro-se motion for a two point reduction under Amendment 782. See, District Court Order denying Appellant's 782 motion as Ex. (A).

Therefore, it is an abuse of discretion for the district court to decide a disputed question of fact against a party without giving that party an opportunity to present relevant and admissible evidence. The district court provided no explanation for its refusal to permit the parties to introduce evidence on this dispute and issue. The Appellant doesn't know why it denied the Appellant the relief he seeks on this record and this Court should remand the district court order to give the government or the district court an opportunity to dispute this fact if necessary, or in the alternative grant Appellant's §404 motion.

Additionally, the district court abused its discretion in denying Appellant's 404 motion by assuming that Appellant's argument is correct by denying Appellant's motion under the §3553(a) factors, which cannot supersede Judge Pauley's jury instructions in regard to Count One and

Two of the indictment. See, Verdict Form as Ex. (C).

Therefore, Concepcion v. United States, 142 S.Ct. 2389 (2022), reinforces the Appellant's argument that the district court abused its discretion in denying his §404 motion without properly considering the argument presented by Appellant. Further, this error harmed the Appellant because the government requested that the district court consider Heriberto Diaz' murder under both enhancement 2D1.1(d)(1) and 2k2.1(c)(B). Which has an impact on the district court's decision to deny Appellant the relief he seeks under the FSA.

## V. THE APPELLANT'S SENTENCE IS SUBSTANTIVELY UNREASONABLE AND THE DISTRICT COURT PLACED TOO MUCH WEIGH ON THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE NEED TO PROTECT THE PUBLIC UNDER 18 U.S.C. §3553(a)

Appellant contends that his sentence is both procedurally and substantively unreasonable. A criminal sentence must be both procedurally and substantively reasonable. Procedural reasonableness requires the court to "properly calculate the Guidelines Range," treat that range as advisory, consider the sentencing factors in 18 U.S.C. §3553(a), refrain from considering impermissible factors, "select the sentence based on facts that are not clearly erroneous," and adequately explain why it chose the sentence.

"Substantive reasonableness" focuses on whether a sentence is too long (if a defendant appeals) or too short (if the government appeals). The point is not that the district court failed to consider a factor or considered an inappropriate factor, that's the job of procedural unreasonableness. Instead, substantive unreasonableness is a complaint that the court "placed too much weigh on some of the §3553(a) factors and too little on others" in sentencing the individual. The Appeals Court reviews claims of both procedural and substantive unreasonableness for an abuse of discretion.

The Appellant contends that his sentence is substantively unreasonable because on December 9, 2011, the district court sentenced Appellant to 400 months imprisonment on Count One and 60 months imprisonment on Count Two to run consecutively. See, Sentencing Tr.

- 11 -

31:25-32:1-4. For the purpose of calculating appellant's sentencing range under the advisory United States Sentencing Guidelines, the court found that the drug conspiracy (Count One) involved 2.8 kilgrams of crack-cocaine. Which would put the appellant at a guidelines range of 360 months to life on the drug quantity found by the district court at setencing and Appellant's leadership role in the conspiracy. Id. at 26:16-19. Despite the fact that Appellant was acquitted of the murder of Herbierto Diaz at trial. The court determined that it was, nevertheless, authorized to consider the acquitted conduct, finding that the government had proved Appellant's involvement in the murder by a preponderance of the evidence and that the contemplated upward departure, based on acquitted conduct, was not an enormous upward adjustment. Id. at 27:11-28:16. Therefore, under Second Circuit Law, it could be considered. See, United States v. Cordoba-Murgas, 233 F.3d 704, 709 (2d Cir 2002). Taking into consideration the acquitted conduct, the court determined that the base offense level was forty-three and the Guidelines range was life. Id. at 28:12-29:1.

## SUBSEQUENTLY LOWERED GUIDELINES RANGE

However, in light of the First Step Act, the base line has since shifted because when the government conceded that Appellant is eligible for a reduced sentence under the First Step Act under Count One as it qualifies as a "covered offense." The government, likewise, conceded that the applicable mandatory minimum should be determined by the drug quantity found by the jury and not by the district court by the preponderance of the evidence. See, Gov. Lt. 7.

Therefore, Appellant's sentence is substantively unreasonable because the district court failed to recalculate the guidelines based on the "drug quantity found by the jury." Which would have4 put Appellant at a base offense level of 28 based on the drug quantity found by the jury at trial and Appellant's leadership role in the conspiracy. Which Appellant's Guidelines range would be 97 to 121 months imprisonment in Criminal History Category III. Therefore, the application of the murder cross-reference 2D1.1(d)(1) raised the Appellant's base offense level from 28 to 43 increasing the prescribed imprisonment from 97 to 121 months to life imprisonment. Therefore, this 15 level increase is an

- 12 -

astronomical upward adjustment in the offense level based on acquitted conduct. Which the court held, that the best way for the district court to deal with an astronomical increase in the offense level based on acquitted conduct is to grant a defendant a downward departure. See, Concepcion, 987 F.2d 369 (2d Cir. 1992).

In United States v. Crosby, 297 F.3d 103 (2d Cir. 2005), the Second Circuit explained that district courts should now engage in a 3-step procedure post-Booker. First, the applicable Guidelines range must be determined and in doing so, "the sentencing judge will be entitled to find all the facts that the Guidelines make relevant to the determination of a Guidelines sentence and all of the facts relevant to the determination of a non-Guidelines sentence." United States v. Crosby, 397 F.3d at 112. Third, the court "must" consider the Guidelines range, "along with all of the factors listed in section 3553(a)" and determine the sentence to be imposed. Id. at 113.

Additionally, Concepcion v. United States, 142 S.Ct. 2389 (2022), supports the Appellant's argument that the district court abused its discretion in denying his §404 motion without considering the changes to the Guidelines range based on the drug quantity found by the jury and its impact on the murder Guidelines enhancement 2D1.1(d)(1). In Concepcion, the Supreme Court considered "whether a district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as to the Sentencing Guidelines) or in adjudicating a First Step Act motion." 142 S.Ct. 2389. The court held that "because district courts are always obligated to consider non-frivolous arguments presented by the parties, the First Step Act requires the district court to consider intervening changes when parties raise them. Id. at 2404.

## VI. THE DISTRICT COURT PLACED TOO MUCH WEIGH ON SOME OF THE §3553(a) FACTORS AND TOO LITTLE WEIGHT ON OTHERS

The Appellant contends that the district court placed too much weigh on some of the §3553(a) factors and too little on others and therefore the district court committed procedural error and his sentence of 400 months imprisonment is substantively unreasonable because the applicable guidelines range must be determined by all of the factors listed in 18 U.S.C §3553(a) to determine the sentence to be imposed."

- 13 -

See, United States v. Crosby, 397 F.3d at 211 (2d Cir. 2005).

In light of the first Step Act, the district court must re-weigh the sentencing factors listed in section 3553(a) as if the Appellant were being sentenced today to determine if Appellant's sentence of 460 months is greater than necessary to comply with those sentencing factors listed in 18 U.S.C. §3553(a).

First, on the one hand, section 3553(a) requires that a sentence "reflect the seriousness of the offense," promotes respect for the law and "provides just punishment for the offense." As the court made clear with respect to Appellant's motion for a sentence reduction, those factors counsel against a sentence reduction and effectively foreclosed a reduction to time served.

Second, on the other hand, section 3553(a) requires the court to account for the "history and characteristics of Appellant." The Appellant had an unstable childhood marked by hardship and drug abuse in his household. His father was physically abusive to his mother, before eventually abandoning the family. Both of his parents drank alcohol on a daily basis which caused the Appellant to be drawn toward the life of selling drugs and using drugs at the age of fourteen. When Appellant was sixteen, he caught his first serious arrest for selling marijuana to an undercover officer. See, PSR 42 to 44. Then when Appellant was nineteen he was arrested again for selling heroin to an undercover officer leading to his conviction and sentence of 45 days imprisonment and 5 years probation. Which the government used this prior felony conviction to enhance appellant's mandatory minimum sentence from 10 year to 20 yearsunder 21 U.S.C §851, and which also subjected appellant to three criminal history points. See, PSR 48 to 59. See, Ex. (D).

Third, a sentence should "protect the public from further crimes of the defendant."18 U.S.C §3553(a)(2)(C). Appellant's rehabilitation is plainly relevant to this factor and likewise mitigates in favor of a sentence reduction. As the district court conceded that Appellant's rehabilitation is impressive. He earned his GED, being steadily employed in a variety of deparments, including UNICOR, participatting in and becoming a facilitator in Victim Impact 16 Week Workshop, earning over seventy-five certificates in continuing education programs and participating in various vocational courses.

- 14 -

The Bureau of Prisons' Risk and Needs Assessment Tool, mandated by the First Step Act and Appellant's age is also plainly relevant to this factor and likewise, mitigates in favor of a sentence reduction and at the age of 54 years old, Appellant is unlikely to re-offend.

Fourth, a sentence should, "provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." §3553(a)(2)(D). As discussed above, Appellant has taken advantage of the education and vocational training programs offered in prison and has earned a reputation as a model inmate who is considered to be a role model. Appellant's friends and family and Defy Ventures will support Appellant and will find a job placement for him once he is release. Appellant's re-entry plans suggest that incarceration no longer serves to provide Appellant with needed educational and vocational training.

Finally, the Court must consider, "the need to avoid unwarranted sentence disparities among defendant's with similar records who have been found guilty of similar conduct." As mentioned above, the court reduced, United States v. Barnes, No. 1:04-cr-00186-LAP (S.D.N.Y. July 5, 2020) (granting defendant's conviction of trafficking crack-cocaine and conspiracy to kidnap and murder, a sentence reduction to time served under the First Step Act); United States v. Guerrero, 52 F. Supp. 3d 643 (2d Cir. 2014) (Defendant convicted of two murders while engaged in drug trafficking and was sentenced to 25 years in light of the Fair Sentencing Act); see also, United States v Martin, 2019 Dist Lexis 89940 (2d Cir. 2019) (Sentenced under the murder guidelines 2D1.1(d)(1) and was sentenced to 210 months and received a reduced sentence under the First Step Act).

Therefore, Appellant contends that the district court placed too much weigh on some of the §3553(a) factors and too little on others and therefore the district court abuse its discretion by failing to consider all of the §3553(a) factors to determine the applicable Guidelines range before denying Appellant relief under the First Step Act. See, United States v. Crosby, 397 F.3d at 211 (2d Cir. 2005).

- 15 -

## VII. APPELLANT SHOULD BE GRANTED COMPASSIONATE RELASE

There can be no dispute that Appellant's conduct was incredibly serious, which the district court cited the Appellant's initial conduct to deny him relief under compassionate release. However, section 3582(c)(1)(A) necessarily envisions that §3553(a) factors may balance differently upon a motion for compassionate release than they did at initial sentencing. An individual requesting compassionate release will in all cases, be serving a sentence that a district court once held was sufficient but not greater than necessary. If a district courts' original §3553(a) analysis could always prove that a sentence reduction would intolerably undermine the §3553(a) factors, then 18 U.S.C §3582(c)(1)(A) would in effect be nullified. There is a good reason to believe that in some cases, a sentence that was sufficient but not greater than necessary before the coronavirus pandemic may no longer meet that criteria. A day in prison under the current conditions is a qualitatively different type of punishment than one day used to be. See, United States v. Kibble, No. 20-7009, 2020 WL 1216543 at *3-4 (4th Cir. 2021).

Therefore, Appellant contends that the district court abused its discretion by denying his motion for compassionate release based solely on the section 3553(a) factors without deciding, "whether the Appellant has shown extraordinary and compelling circumstances that justify a sentence reduction.

## CONCLUSION

The Appellant, therefore, respectfully asks that this court reverse the judgement of the district court with a finding in favor of the Appellant.

Dated: __/- 4- 23__

Respectfully Submitted,

_Sidney Bright_
Sidney Bright, Pro-Se
Plaintiff-Appellant

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

                    Plaintiff,

    -against-

SIDNEY BRIGHT,

                    Defendant.

No. 06 Cr. 242 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Mr. Bright's pro se motion for
compassionate release pursuant to 18 U.S.C. § 3582(c)(2) and
Amendment 782 of the Sentencing Guidelines, which was made
retroactive by Amendment 788 and lowered the penalties for most
drug offenses by reducing the offense levels by two points on
Section 2D1.1's Drug Quantity Table. (Dkt. Nos. 157, 159.)

Even if the Court were to conclude that Mr. Bright were
eligible for a sentence reduction, it must also conclude that a
reduction is appropriate considering the Section 3553(a)
factors. 18 U.S.C. § 3582(c)(2); see also Dillon v. United
States, 560 U.S. 817, 827 (2010). However, for the reasons
stated in the Court's recent order denying Mr. Bright's
counseled motion for resentencing under the First Step Act or,
in the alternative, compassionate release, the Court concludes
that the § 3553(a) factors do not support a reduction in this
case, assuming one is authorized:

1

First, the Defendant's offenses of conviction were exceedingly serious and thus require exceedingly serious punishment. He was the leader of a violent, long-running, and successful drug trafficking enterprise that distributed vast quantities of crack, powdered cocaine, and heroin for almost ten years in the Bronx. In controlling his turf and driving out competitors, Defendant routinely instructed his underlings to engage in gun violence. As set out above in more detail, Defendant provided guns to "enforcers" and ordered them to shoot at various locations on city streets where competitors were selling drugs.

Also as noted above, Defendant ordered his enforcers to shoot various rival drug dealers. Most significantly, Defendant ordered the murder of Heriberto Diaz, another rival drug dealer; indeed, Defendant obtained a firearm from Steven Young and gave it to Tyrone Glynn, whom he had engaged to murder Diaz. Glynn and Young both testified at trial that Glynn had the gun and used it to murder Diaz.

While Defendant's counsel do an admirable job of explaining that the FSA reflects Congress' change in attitude toward drug crimes, there is no change in attitude regarding guns or murder. Murder is murder-the taking of a human life-and this Defendant committed it to protect his commercial drug trafficking interests. Defendant's crime was most serious and deserves a most serious punishment.

(Dkt. No. 171 at 21.)

This reasoning applies with equal force here.

Accordingly, Mr. Bright's motion for compassionate release (dkt. nos. 157, 159) is DENIED.

The Clerk of the Court shall close the open motion and mail a copy of this order to Mr. Bright.

**SO ORDERED.**

Dated:   March 10, 2022
         New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge

# EXHIBIT B

DEPAR~~T~~ ~~ME~~NT OF JUSTICE
BUREAU OF ALCOHOL, TO~~BA~~CCO, FIREARMS AND EXPLOSIVES
### REPORT OF INVESTIGATION

Page 1 of 2

| ADDRESSED TO: | MONITORED INVESTIGATION INFORMATION: |
|---|---|
| Special Agent in Charge<br>New York Field Division | New York Field Division<br>FY-06 ▓▓▓▓▓ |

TITLE OF INVESTIGATION:
Steve YOUNG et. al.

| CASE NUMBER: ▓▓▓▓▓ | REPORT NUMBER: |
|---|---|

TYPE OF REPORT: *(Check Applicable Boxes)*

| X | REPORT OF INVESTIGATION | | COLLATERAL REPLY |
|---|---|---|---|
| | REPORT OF INTELLIGENCE | | |

| SUBMITTED BY (Name)<br>Peter Forcelli | SUBMITTED BY (Title and Office)<br>Special Agent, New York I (Firearms) Field Office | SUBMITTED BY (Date)<br>11/03/2005 |
|---|---|---|
| REVIEWED BY (Name)<br>Thomas P. Kelly | REVIEWED BY (Title and Office)<br>Group Supervisor, New York I (Firearms) Field Office | REVIEWED BY (Date)<br>11/7/05 |
| APPROVED BY (Name)<br>William G. McMahon | APPROVED BY (Title and Office)<br>Special Agent in Charge, New York Field Division | APPROVED BY (Date) |

DESCRIPTION OF ACTIVITY:
cation of records related to firearms trafficked by Sidney BRIGHT and Steve YOUNG, recovered in vicinity of
st 162nd Street and Morris Avenue.

SYNOPSIS:
11/03/2005, Special Agent Forcelli located records of an arrest, which was made by NYPD Officers, which
ited to firearms trafficked by Sidney BRIGHT and Steve YOUNG. The records related to information received
ing a proffer on 11/02/2005.

NARRATIVE:
On 11/03/2005, Special Agent Forcelli located records of an arrest, which was made by NYPD Officers,
ch related to firearms trafficked by Sidney BRIGHT and Steve YOUNG. The records related to information
ived during a proffer on 11/02/2005. In this proffer, Steve YOUNG stated that on several occasions he had
eled to the area of Fredericksburg, Virginia in order to deliver narcotics and accept firearms on behalf of Sidney
GHT.

During this interview, YOUNG stated that he was aware of a recovery of firearms, which he delivered for
GHT, by NYPD Officers in the area of East 162nd Street and Morris Avenue. YOUNG stated that the firearms
: seized from John ROMERO, a male from whom he (YOUNG) had received drugs, prior to being supplied
otics for sale by Sidney BRIGHT.

check of various law enforcement databases revealed that numerous firearms were seized from Juan
ROMERO, on 05/02/1996, at 296 East 162nd Street, Bronx, NY. This seizure was made pursuant to ROMERO's
t, by Detective Peter Mayo, on that date (NYPD arrest # ▓▓▓▓▓ ). Also recovered were narcotics, and

F 3120.2 (5-98)

3502 T

DEPARTMENT OF JUSTICE
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
## REPORT OF INVESTIGATION

Page 2 of 2

| ...RESSED TO: ...ec... Agent in Charge ...N... Field Division | MONITORED INVESTIGATION INFORMATION: New York Field Division FY-06 |
|---|---|

...LE OF INVESTIGATION:
...ve YOUNG et. al.

| ...E NUMBER: | REPORT NUMBER: |
|---|---|

...cotics paraphernalia. Further checks revealed that the recovered firearms were traced by the ATF, with purchaser ...ormation linked to the Hampton, Virginia area. This data verifies the information received in this investigation ...n Steve YOUNG.

A criminal history check of Juan ROMERO, under SID # ▮▮▮▮▮ revealed that ROMERO is a four time ...victed felon. ROMERO is currently in the custody of the NYS Department of Corrections, pursuant to a ...glary conviction. (Washington Correctional Facility, in Comstock, NY, inmate # ▮▮▮▮▮. ROMERO's earliest ...ase date is 05/19/2010.

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - x
                  :

UNITED STATES OF AMERICA   :
                  :    JURY VERDICT SHEET

      - v. -        :
                  :    S2 06 Cr. 242 (WHP)

SIDNEY BRIGHT,        :
 a/k/a "Mano,"      :
 a/k/a "Manna,"     :
                  :

        Defendant.   :
                  :
- - - - - - - - - - - - - - x

**WILLIAM H. PAULEY III, U.S.D.J.**


**We, the jury, unanimously answer the following questions:**


### COUNT ONE:
### Narcotics Conspiracy

1.   How do you find the defendant, SIDNEY BRIGHT, with respect to
    Count One?

         Not Guilty _____     Guilty ✓_____


*If you answered "Not Guilty" to Question 1, please do not answer
any other questions and have your foreperson sign and date the
verdict sheet.  If you answered "Guilty" to Question 1, please
proceed to Question 2.*

2.   Did Sidney Bright **either** have personal involvement with, **or**
    was it reasonably foreseeable to him that the narcotics
    conspiracy involved crack cocaine?

         Yes ✓_____      No _____

USA 33a-473
(ED. 4-13-71)

*COURT*

**EXHIBIT**
U. S. DIST. COURT
S. D. OF N. Y.

9

*If, and only if, you answered "Yes" to Question 2, please answer Question 3. If you answered "No" to Question 2, please skip Question 3 and proceed to Question 4:*

3.  What amount of crack cocaine was involved in the narcotics conspiracy?

    50 grams or more     ✓

    5 grams or more     _____

4.  Did Sidney Bright **either** have personal involvement with, **or** was it reasonably foreseeable to him that the narcotics conspiracy involved cocaine?

    Yes _____      No _✓___

*If, and only if, you answered "Yes" to Question 4, please answer Question 5. If you answered "No" to Question 4, please skip Question 5 and proceed to Question 6.*

✗ What amount of cocaine was involved in the narcotics conspiracy?

    5 kilograms or more     _____

    500 grams or more     _____

6.  Did Sidney Bright **either** have personal involvement with, **or** was it reasonably foreseeable to him that the narcotics conspiracy involved heroin:

    Yes _____      No _✓___

2

<u>Count Two</u>
**Possession or Use of a Firearm, or Aiding or Abetting the Possession or Use of a Firearm, During or in Furtherance of the Narcotics Conspiracy Charged in Count One.**

7.   How do you find the defendant, SIDNEY BRIGHT, with respect to Count Two?

         Not Guilty _____        Guilty \_✓\_\_\_\_

*If you find the defendant "Not Guilty" on Count Two, please skip Question 8 and proceed to Question 9. If you find the defendant "Guilty" on Count Two, please proceed to Question 8.*

<u>Count Three</u>
**Causing the Death of Heriberto Diaz, a/k/a "Chino," By the Possession or Use of a Firearm, or Aiding or Abetting the Possession or Use of a Firearm, During or in Furtherance of the Narcotics Conspiracy Charged in Count One**

8.   How do you find the defendant, SIDNEY BRIGHT, with respect to Count Three?

         Not Guilty \_✓\_\_\_        Guilty _____

*If you find that the conspiracy charged in Count One involved* **either:** *(1) at least fifty grams of crack; or (2) at least five kilograms of cocaine, or both, please proceed to Question 9. If you found that the conspiracy charged in Count One did not involve* **either:** *(1) at least fifty grams of crack; or (2) at least five kilograms of cocaine, please skip Question 9 and have your foreperson sign and date the verdict sheet.*

3

## COUNT FOUR

**Murder of Heriberto Diaz, a/k/a "Chino," while engaged in a narcotics conspiracy that involved the distribution and possession with intent to distribute of at least fifty grams of crack or at least five kilograms of cocaine**

9.    How do you find the defendant, SIDNEY BRIGHT, with respect to Count Four?

Not Guilty ✓_____        Guilty _____

Dated: May 19, 2010                _____
                                          FOREPERSON

4

# EXHIBIT   D

PRESENTENCE INVESTIGATION REPORT
EXTRACTED AND FILED UNDER SEAL BY CLERK'S OFFICE



**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

Docket Number(s): __22-1644__   |   Caption [use short title]

Motion for: __First Step Act Motion__
__Appellant Reply Brief__

United States v. Bright

Set forth below precise, complete statement of relief sought:

__Appellant replying to Government Brief__
__to Section 404 of the First Step Act__ and
__and for compassionate release pursuant__
__pursuant to 18 U.S.C. 3582(c)__

RECEIVED 2023 JAN 13 AM 8:59 CLERK'S OFFICE U.S. COURT OF APPEALS

MOVING PARTY: __Sidney Bright__          OPPOSING PARTY: __USA__

[ ] Plaintiff          [ ] Defendant
[X] Appellant/Petitioner   [ ] Appellee/Respondent

MOVING ATTORNEY: __Sidney Bright, pro-se__   OPPOSING ATTORNEY: __USA__
[name of attorney, with firm, address, phone number and e-mail]

__Reg. No. 58833-054__          __U.S. Attorney's Office__
__Federal Correctional Institution__   __Attn: Kiersten A. Fletcher__
__PO Box 1000, Otisville, NY 10963__   __1st Andre's Plaza, New York, NY 10007__

Court- Judge/ Agency appealed from: __U.S.D.C. S.D.N.Y__

Please check appropriate boxes:                    FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has movant notified opposing counsel (required by Local Rule 27.1):   Has this request for relief been made below? [ ]Yes [XX]No
[ ]Yes [ ]No (explain): _____   Has this relief been previously sought in this court? [ ]Yes [XX]No
                                                    Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:
[ ]Unopposed [ ]Opposed [ ]Don't Know
Does opposing counsel intend to file a response:
[ ]Yes [ ]No [XX]Don't Know

Is oral argument on motion requested? [ ]Yes [X]No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ]Yes [XX]No If yes, enter date: _____

Signature of Moving Attorney:
_Sidney Bright_ Date: __1-4-23__   Service by: [ ]CM/ECF [XX]Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE***

Docket Number: 22-1644

v.

SIDNEY BRIGHT

I, SIDNEY BRIGHT , hereby certify under penalty of perjury that
        (print name)

on 1-4-23 , I served a copy of Appellant Reply Brief
    (date)

District Court Denial of 782 motion, Young Proffer Statement 3502-T,
Verdict form and PSR
        (list all documents)

by (select all applicable)**

___ Personal Delivery     XX United States Mail     ___ Federal Express or other
                                                               Overnight Courier

___ Commercial Carrier     ___ E-Mail (on consent)

on the following parties:

| Clerk, U.S. Court of Appeals (2 Cir.), 40 Foley Square, NY 10007 | | | | |
|------|---------|------|-------|----------|
| Name | Address | City | State | Zip Code |

| U.S. Attorney/Kiersten A. Fletcher, 1st, Andrew's Plazy NY 10007 | | | | |
|------|---------|------|-------|----------|
| Name | Address | City | State | Zip Code |

| | | | | |
|------|---------|------|-------|----------|
| Name | Address | City | State | Zip Code |

| | | | | |
|------|---------|------|-------|----------|
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

1-4-23
Today's Date

_Sidney Bright_
Signature

Certificate of Service Form (Last Revised 12/2015)

Sidney Bright #58833-054
F.C.I Otisville
P.O Box 1000
Otisville NY 10963

CLERK'S OFFICE
UNITED STATES COURT OF APPEALS
UNITED STATES COURTHOUSE
40 FOLEY SQUARE
NEW YORK, NY 10007

